## SILVA V. MIRANDA.

APPEAL in cassation from a judgment rendered
by the District Court of San Juan.

No. 16.—Decided October 15, 1902.

APPEAL IN CASSATION.—An appeal in cassation does not lie when it is based on a lack of personal capacity of any of the parties to sue, but only when such capacity has been recognized in a person who does not possess it.

### STATEMENT OF THE CASE.

Don Manuel Navarro y Acosta died on the 12th of February, 1883, leaving a will executed in this City on the 27th of October, 1875, before the Notary Public Don Demetrio Jimenez y Moreno, by which he appointed Don Juan Miranda y Costa guardian and curator *ad bona* of his children Don Antonio, Don José and Doña Petra, also charging the said Don Juan Miranda y Costa with the duties of general executor.

On March 20th, 1899, the said Miranda resigned the positions aforesaid, and the resignation being accepted, he was thereupon ordered to render an accounting and liquidation of the estate intrusted to him.

At the request of the minors that a curator *ad litem* be appointed, Don Francisco Pantaleón Silva being the person selected, on his acceptance the appointment was made effective April 15th, 1899.

On the 2nd of May of the same year Don Juan Miranda y Costa presented the account required, and the curator *ad litem* was ordered to acquaint himself therewith.

curador *ad-litem*, recayendo el nombramiento en Don Francisco Pantaleón Silvá, y aceptado por éste se le discernió el cargo el 15 de Abril de 1899.

*Resultando:* que en 2 de Mayo del citado año presenta Don Juan Miranda y Costa las cuentas exigidas, y se manda intruir de ellas al Curador *ad-litem.*

*Resultando:* que dicho Curador, á nombre de sus representados, impugna las cuentas presentadas y concluye suplicando que no se aprueben y que, habiéndosele conferido el cargo, frutos por pensión, debe entregar todos los bienes que fueron adjudicados á dichos menores por herencia de su padre y hermana Doña Manuela, ó el importe de los mismos, según tasación hecha en la testamentaría de aquél, con las costas.

· *Resultando:* que conferido traslado á Don Juan Miranda y Costa, sostiene éste en el fondo la aprobación de las cuentas y entre otras manifestaciones, que no son de considerar en este recurso, alegó la excepción dilatoria de falta de personalidad de la parte demandante, puesto que Don Francisco Pantaleón Silva y Correa no era, ni es, tal Curador de los menores, concluyendo por suplicar, que, apreciando el Tribunal las excepciones establecidas, se sirva, por el mérito de cualquiera de ellas, desestimar en todas sus partes la demanda, con expresa imposición de las costas á la parte demandante.

*Resultando:* que sustanciado el juicio por todos sus trámites dictó sentencia el Tribunal de Distrito de San Juan en 29 de Julio del año anterior, en la que considera que desde el 1º de Enero de 1890, en que comenzó á regir en esta Isla el Código Civil, dejaron de existir los Curadores *ad-litem* y debe ejercerse la tutela de conformidad con sus preceptos, aunque los tutores y Curadores hayan sido nombrados con arreglo á la legislación anterior, y bajo ese fundamento expresa que no tiene personalidad el Curador *ad-litem* para representar á los Sres. Navarro en la impugnación de las cuentas rendidas por su anterior tutor y Curador, y que

The said curator on behalf of the minors aforesaid attacks the accounts presented, and concludes by praying that they be not approved, for as the duties conferred upon him required that only the income of the estate should be applied to maintenance (of the minors), he must deliver all of the property inherited by the said minors from their father, and sister Doña Manuela, or the value thereof according to the appraisement made in the testamentary proceedings, with costs.

Notice having been served upon Don Juan Miranda y Costa, he urged that the said accounts should be approved, and among other statements (which are not necessary for the consideration of this appeal) he pleaded a lack of personal capacity to sue on the part of the plaintiff, inasmuch as Don Francisco Pantaleón Silva y Correa *was* not, and *is* not, curator for the said minors; and he concluded with a prayer that the Court after a consideration of the exceptions presented, should dismiss the complaint in all of its parts, on the strength of any one of the said exceptions, and impose the costs upon the plaintiff.

After all the proceedings were duly had the District Court of San Juan on the 29th of July of last year, rendered judgment holding that from the 1st of January, 1890, when the Civil Code took effect in this Island, the appointment of curators *ad litem* was discontinued, and since that date guardianships must be exercised in accordance with the provisions of the said Code, although guardians and curators may have been appointed under the provisions of the former law, and in accordance with that express provision the curator *ad litem* lacks the capacity to represent the Navarros, in the attack made upon the accounts rendered by their former guardian and curator; and acts executed contrary to law being null and void the said Court *should* have declared and *did* declare null and void all of the proceedings in this case, beginning with the order admitting

siendo nulos los actos ejecutados contra la ley, debía declarar y declaraba nulo todo lo actuado en este pleito, desde la providencia de admisión de la demanda de impugnación, proveyendo que no ha lugar á admitir dicha demanda, sin especial condenación de costas.

*Resultando:* que contra esta sentencia interpuso Don Juan Miranda y Costa recurso de casación por quebrantamiento de forma y anunció el de infracción de Ley, fundando el primero en el número 2 del artículo 1691 de la Ley de Enjuiciamiento Civil, ó sea en la falta de personalidad de la parte que ha interpuesto la demanda origen del presente pleito, infringiéndose en la sentencia los artículos 531, 532, 533, 534, 535, 536, 537 y 538 de la Ley de Enjuiciamiento Civil, ó sea toda la Sección que trata de las excepciones dilatorias y el artículo 62 de la Orden General No. 118 de Agosto 16 de 1899.

Abogado del recurrente : *Sr. Hernández López.*

Abogado del recurrido : *Sr. Diaz Navarro.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando:* que, según tiene declarado el Tribunal Supremo de España en su sentencia de 8 de Junio de 1897, los recursos de casación en la forma, por falta de personalidad en alguna de las partes, sólo proceden cuando indebidamente se estima personalidad en quien carece de ella, pero no tienen lugar cuando tal cualidad ha sido denegada por el Tribunal *a quo.*

*Considerando:* que la única razón que sirvió de fundamento á dicha Corte para declarar la nulidad del juicio, fué precisamente la falta de personalidad del Curador *ad-litem,* excepción que alegó en su oportunidad la parte hoy recurrente, por cuya razón no procede el quebrantamiento de forma que señala el número 2 del artículo 1691 de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma,

the complaint, and dismissed the same without any special imposition of costs.

From this judgment Don Juan Miranda y Costa took an appeal in cassation for error of procedure, and entered notice of appeal for violation of law, basing the former on paragraph 2 of article 1691 of the Law of Civil Procedure, that is to say, the lack of personal capacity to sue on the part of the complainant, and alleging a violation of Articles 531, 532, 533, 534, 535, 536, 537 and 538 of the Law of Civil Procedure, that is to say, all of the sections which treat of dilatory exceptions and Article 62 of General Order No. 118 of August 10, 1899.

*Mr. Hernández López,* for appellant.

*Mr. Díaz Navarro,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the Court: As has been held by the Supreme Court of Spain, in its judgment of June 8, 1897, appeals in cassation based on a lack of personal capacity of any of the parties to sue, lie only when such capacity has been unduly recognized in a person who does not possess it, but appeals do not lie when the trial court has refused to recognize such personal capacity.

The only ground which the court below had for annulling the proceedings was the lack of personal capacity of the curator *ad litem* to sue, an exception which was duly urged by the appellant, for which reason the appeal based on an error of procedure, provided for in paragraph 2 of article 1691 of the Law of Civil Procedure, does not lie.

We should declare and do declare that the appeal in cassation taken by Don Juan Miranda y Costa, based on error of procedure, does not lie, and the costs of this proceeding are taxed against the said Don Juan Miranda y Costa; and let the proper proceedings he had with respect to the appeal based on error of law.

interpuesto por Don Juan Miranda y Costa, á quien condenamos al pago de las costas: y procédase á lo que corresponda respecto al recurso iniciado por infracción de ley.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Sulzbacher y MacLeary.

---

## Verges et al *v.* Sucesión Pietri.

### Casación procedente de la Audiencia Territorial.

No. 5.—Resuelto en Octubre 25, 1902.

Casación.—El recurso de casación por quebrantamiento de forma es procedente por la falta de recibimiento á prueba en alguna de las instancias.

Prueba en Segunda instancia.—La práctica de prueba en la segunda instancia no es procedente en los casos en que la prueba propuesta haya dejado de practicarse en la primera instancia por negligencia ó faltas imputables á la misma parte que la solicitare.

#### EXPOSICIÓN DEL CASO.

*Resultando:* que el Procurador Don Tomás Agrait y Font, con poder y á nombre de Doña María Verges Remond y de Doña Francisca Evelina Remond y Vasalle, por sí y como heredera abintestato de su difunto hijo Don Juan Arturo Verges y Remond, haciendo uso de la acción real que á sus poderdantes competía, estableció ante el extinguido Juzgado de 1ª Instancia de San Germán; demanda en juicio declarativo de mayor cuantía para reivindicar terrenos y para obtener las nulidades de sus enagenaciones y de las subsiguientes inscripciones en el Registro de la Propiedad.

*Resultando*: que recibido el pleito á prueba por los dos períodos correspondientes, de los que el de treinta días para practicarla empezó á correr el 11 de Agosto de 1894, y terminó el 18 de Septiembre de dicho año, las demandantes propusieron lo que estimaron conveniente á su derecho; y en parte de ello, la prueba pericial designando cada parte un perito y un tercero el Juzgado y, á vueltas de diligencias practicadas para la aceptación de los nombrados y nombra-

Messrs. Chief Justice Quiñones and Associate Justices Hernández, Sulzbacher and MacLeary concurred in the foregoing opinion.